The TRAVELERS INSURANCE
COMPANY, Plaintiff,

v.

AUTO-OWNERS INSURANCE
COMPANY, a Michigan
corporation, Defendant.

No. 4:96–CV–51.

United States District Court,
W.D. Michigan,
Southern Division.

May 19, 1997.

---

Thaddeus E. Morgan, Sullivan, Ward, Bone, Tyler & Asher, Grand Rapids, MI, for Plaintiff.

John P. Seyfried, Garan, Lucow, Miller, Seward & Becker, P.C., Pt. Huron, MI, for Defendant.

## OPINION OF THE COURT ON BRIEFS SUBMITTED IN LIEU OF TRIAL

McKEAGUE, District Judge.

This case presents a coordination of benefits dispute between two insurers. Plaintiff The Travelers Insurance Company ("Travelers") administers an employee welfare benefit plan created by Nippondenso Manufacturing U.S.A., Inc., pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant Auto–Owners Insurance Company ("Auto–Owners") provides no-fault automobile insurance under Michigan law. On December 1, 1993, the parties' mutual insured, Linda Butler, sustained injuries in an automobile accident. Since then, the Travelers plan has paid medical benefits on Ms. Butler's behalf in the amount of $482,469.60. Travelers contends the plan coverage is subordinate to the personal injury protection provided by Auto–Owners. Travelers seeks

a declaratory judgment that it is entitled to recoup from Auto–Owners all past and future medical benefits paid on Ms. Butler's behalf, up to the limits of Auto–Owners' available coverage. In defense, Auto–Owners maintains its coverage is secondary. The parties agree there is no genuine issue as to any material fact and have submitted their dispute to the Court on briefs in lieu of trial.

**I**

■ The parties agree that ERISA preempts Michigan law in the resolution of this dispute. See *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F.3d 371, 374 (6th Cir.1994), *cert. denied*, 513 U.S. 1184, 115 S.Ct. 1177, 130 L.Ed.2d 1129 (1995); *Auto Club Ins. Ass'n v. Health & Welfare Plans, Inc.*, 961 F.2d 588, 592–93 (6th Cir. 1992). The dispute must be resolved by reference to the body of federal common law arising under ERISA. *Thorn Apple Valley*, 31 F.3d at 374. The salient rule emerging from this federal common law is. that where there is an irreconcilable conflict between facially valid coordination of benefits ("COB")

clauses in an ERISA employee benefit plan and a traditional insurance policy, the terms of the employee benefit plan COB clause must be given full effect. *Id.*, at 374–75.

■ Defendant Auto–Owners contends the rule does not apply because there is no irreconcilable conflict. While Auto–Owners' COB clause undeniably and clearly subordinates its coverage to that of any other health or medical insurance or health care plan, the Travelers plan is said to be ambiguous, failing to expressly disavow or subordinate coverage, and therefore failing to pose an irreconcilable conflict. Indeed, the plan COB clause is poorly drafted.[1] Auto–Owners has identified several technical flaws in draftsmanship. Yet, the Court's paramount responsibility in construing plan language is to ascertain and effectuate the underlying intent. *Sprague v. General Motors Corp.*, 92 F.3d 1425, 1434 (6th Cir.1996); *Wulf v. Quantum Chemical Corp.*, 26 F.3d 1368, 1376 (6th Cir.1994). This task begins with reference to the plan language itself, but may also include consideration of reasonable infer-

1. The plan COB clause provides in relevant part, as follows:

**Co-ordination of Benefits**

This provision will co-ordinate the health benefits payable under this Plan with similar benefits payable under other plans.

You or any Dependent may be covered under another group health plan. It may be sponsored by another employer who makes contributions or payroll deductions for it.

The other plan could also be any of the following:

● A government or tax-supported program. This does not include Medicare or Medicaid.

● A No–Fault Automobile Insurance Law.

Whenever there is more than one plan, the total amount of benefits paid in a Calendar Year under all plans cannot be more than the reasonable expenses charged for that Calendar Year.

The expenses must be covered in part under at least one of the plans....

**How Does Co-ordination Work**

One of the plans involved will pay the benefits first. (This plan is Primary.) The other plans will pay benefits next. (These plans are Secondary.)

If this Plan is Primary, it will pay benefits first. Benefits under this Plan will not be reduced due to benefits payable under other plans.

If this Plan is Secondary, benefits under this Plan may be reduced due to benefits payable under other plans Primary to this Plan.

The amount of reasonable expenses will be determined first. Then the amount of benefits paid by plans Primary to this Plan will be subtracted from this amount. This Plan will pay you the difference but no more than the amount it would have paid without this provision.

**Which Plan is Primary**

In order to pay claims, the Claims Administrator must find out which plan is Primary and which plans are Secondary.

There are rules to find out which plan is Primary and which plans are Secondary. The rules are used until one is found that applies to the situation. They are always used in the following order:

● A plan which has no co-ordination of benefits provisions will be Primary to a plan which does have a co-ordination of benefits provision.

● A plan which covers the person as an Associate will be Primary to a plan which covers the same person as a Dependent.

● A person may be covered as a Dependent under two or more plans.

....

● If none of the above rules apply, the plan which has covered the person for the longest time will be Primary to all other plans.

You will have to give information about any other plans when you file a claim.

ences and presumptions under the circumstances. *Id.* Plan language will be found ambiguous only if it is subject to two reasonable interpretations. *Id.* In other words, if plan language, however unartfully worded and clumsily arranged, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear.

■ As applied to this dispute, the Travelers plan language, despite its imperfections, fairly admits of but one interpretation. The plan COB clause, in relevant part: (1) provides that it "will coordinate the health benefits payable under this Plan with similar benefits payable under other plans;" (2) defines "other plans" as including coverage provided pursuant to a no-fault automobile insurance law; (3) purports to eliminate duplicate coverage; (4) purports to coordinate available coverages, setting forth rules for determining which coverage is primary (paying benefits first) and which is secondary; and (5) providing, among such rules, that if no other rule applies, that coverage is primary "which has covered the person for the longest time." Considering reasonable inferences, and having been provided with no conflicting extrinsic evidence, the Court finds this summary construction of the relevant provisions fairly embodies the expressed intent of the plan language. It is not so ambiguous as to be unenforceable.

At the time of the accident, Ms. Butler had had health benefits coverage under the Travelers plan since 1990. She had purchased no-fault automobile insurance coverage from Auto–Owners continuously since 1977.[2] Thus, applied to the facts of this case, the plan COB clause constitutes an express subordination of plan health benefits coverage to the longer-standing no-fault coverage of Auto–Owners.

Auto-Owners protests, citing *Dayton Hudson Dep't Store v. Auto–Owners Ins. Co.,* 953 F.Supp. 177 (W.D.Mich.1995). In *Dayton Hudson,* this Court, the Honorable Benjamin

F. Gibson, considered a similar ERISA plan COB clause and held that it failed to expressly disavow or subordinate its coverage to Auto–Owners' no-fault insurance. The Dayton Hudson plan COB clause is similar to Travelers', but materially different in one important respect. The "catch-all" provision in the Dayton Hudson plan expressly made primary the coverage of the plan which had "covered the person *as an employee or as that employee's dependent* for the longer period of time." Because the Auto–Owners no-fault insurance policy before Judge Gibson did not, of course, cover the insured as an employee or dependent, the "catch-all" provision had no application to it and Judge Gibson properly held that the plan failed to expressly subordinate.

Here, in contrast, the subject "catch-all" provision defines as primary that coverage "which has covered the *person* for the longest time." It does apply to coordinate benefits under the facts of this case, rendering plan coverage secondary to Auto–Owners'.

■ Consequently, the two COB clauses are in irreconcilable conflict, each operating to subordinate its coverage to the other's. In the face of such a conflict, the federal common law directs that the ERISA plan language, "including its coordination of benefits clause, must be given full effect in order to comply with a primary goal of ERISA, which is to safeguard the financial integrity of qualified plans by shielding them from unanticipated claims." *Thorn Apple Valley,* 31 F.3d at 375.

Accordingly, the Court concludes plaintiff Travelers is entitled to the prayed for judgment, declaring that its plan coverage is secondary to Auto–Owners and that it is entitled to recoup medical benefits paid on behalf of Ms. Butler from Auto–Owners. A judgment order consistent with this opinion shall issue forthwith.

---

2. The policy in effect at the time of Ms. Butler's accident covered a six-month period commencing July 16, 1993. Auto–Owners argues that each no-fault policy must be viewed as a discrete contract and that, therefore, the plan's coverage was of longer duration than Auto–Owners' no-fault coverage. The argument might be persuasive but for the undisputed fact that Auto–Owners insured Ms. Butler under the same policy number continuously and without interruption since 1977.

## DECLARATORY JUDGMENT

In accordance with the Court's written opinion of even date,

**IT IS HEREBY DECLARED AND ADJUDGED** that, as between the concurrent health benefits coverages available to Linda Butler in connection with injuries sustained by her in an automobile accident on December 1, 1993, which coverages are provided under an ERISA employee welfare benefit plan administered by plaintiff The Travelers Insurance Company and under a policy of no-fault automobile insurance issued by defendant Auto–Owners Insurance Company; the Auto–Owners coverage shall be deemed **PRIMARY** and the Travelers plan coverage shall be deemed **SECONDARY.**

**IT IS FURTHER DECLARED AND ADJUDGED** that Travelers is entitled to recoup from Auto–Owners all amounts it has paid for medical benefits on behalf of Ms. Butler as a result of said automobile accident up to the limits of personal injury protection coverage afforded by Auto–Owners' no-fault insurance policy.

**IT IS FURTHER DECLARED AND ADJUDGED** that Auto–Owners shall be deemed primarily liable for future medical benefits to which Ms. Butler may become entitled as a result of said automobile accident within the terms of its no-fault insurance policy; and that the Travelers plan shall be deemed secondarily liable, i.e., liable for medical benefits to which Ms. Butler may become entitled as a result of said automobile accident which are in excess of the coverage afforded by Auto–Owners' no-fault insurance policy.