**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**MY CHOICE MEDICAL PLAN FOR LDM TECHNOLOGIES, INC., Defendant.**

No. CIV. 02–40253.

United States District Court, E.D. Michigan, Southern Division.

Jan. 5, 2004.

Robert L. Goldenbogen, Garan Lucow, Port Huron, MI, for Allstate Insurance Company, plaintiff.

Jerry R. Swift, Dean & Fulkerson, Troy, MI, for My Choice Medical Plan for LDM Technologies, Incorporated, defendant.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT

GADOLA, District Judge.

This civil action concerns a dispute over primary and secondary liability for medical expenses and is between an insurance carrier and a self-funded employee benefit plan protected by the Employee Retire-

ment Income Security Act ("ERISA").[1] Before the Court are the parties' opposing motions for summary judgment. *See* Fed. R.Civ.P. 56(c). Defendant also moves, in the alternative, for judgment on the pleadings. *See* Fed.R.Civ.P. 12(c). The Court held a hearing in this matter on December 3, 2003. For the reasons set forth below, the Court will deny Plaintiff's summary judgment motion and grant Defendant's summary judgment motion. Further, because the Court will resolve the summary judgment motions in Defendant's favor, the Court need not address Defendant's alternative motion for judgment on the pleadings.

## I. BACKGROUND

Plaintiff is a Michigan insurance carrier that issues no-fault automobile insurance policies as part of its business. Plaintiff issued a no-fault policy to Anna Lozen. The policy with Ms. Lozen contained a coordination of benefits ("COB") clause. This COB clause provided that, in the event of an automobile accident, Plaintiff would be liable for Ms. Lozen's corresponding medical expenses only to the extent that such expenses were not covered by Ms. Lozen's health insurance. *See* Pl. Mot. Ex. A at 12. This provision for secondary liability is consistent with the Michigan No–Fault Insurance Act, Mich. Comp. Laws § 500.3109a.[2]

At the time that this automobile insurance policy was in effect, Defendant provided health insurance, through Blue Cross Blue Shield of Michigan, to Ms. Lozen. Defendant is a self-funded employee benefit plan protected by ERISA. *See* 29 U.S.C. § 1002(1). As with Plaintiff's policy, Defendant's plan documents contain a COB provision, which states:

> If you or an eligible dependant are involved in a motor vehicle accident, payment for medical service will be coordinated between Blue Cross Blue Shield and your auto insurance carrier as follows:
>
> ● Whether your auto coverage is coordinated or uncoordinated, your auto insurance carrier is primary.
>
> ● Blue Cross Blue Shield will be secondary to your auto insurance. Blue Cross Blue Shield will reject auto accident related claims received without proof of primary payment by the auto insurer.
>
> It is important that you discuss this with your auto insurance company.

Def. Mot. Ex. B at 96.

As this language makes clear, Defendant's COB provision is in direct conflict with Plaintiff's COB clause. Both the ERISA plan and the insurance policy purported to make the other primarily liable for payment of medical expenses.

---

**1.** Because of the nature of the ERISA preemption question in this action, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.,* 31 F.3d 371, 374 (6th Cir.1994) ("[C]ases from this circuit have premised jurisdiction on federal common law when the ERISA preemption provision has effectively deprived a plaintiff of a state law claim. Accordingly, in this circuit, in cases such as this one, where the outcome rests upon the district court's construction of federal common law, jurisdiction is grounded upon 28 U.S.C. § 1331." (citations omitted)).

**2.** Mich. Comp. Laws 500.3109a: "An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household."

This conflict became an issue on September 1, 2001, when Ms. Lozen was injured in an automobile accident in Saint Clair County, Michigan. As a result of this accident, Plaintiff has allegedly paid some $77,835.17 in medical expenses. When approached by Plaintiff for reimbursement, Defendant declined coverage based upon its COB provision. Plaintiff then instituted this action seeking declaratory relief in Count I of the complaint and recoupment in Count II.

The parties agree that the only factual dispute in this action is the amount of damages, if any. The parties agree that their summary judgment motions only present a question of law: the Court must resolve the conflict between the parties' COB provisions and determine which party is primary in this liability dispute.

## II. ANALYSIS

The Sixth Circuit addressed the very issue raised in this action in *Auto Owners Insurance Company v. Thorn Apple Valley, Inc.*, 31 F.3d 371 (6th Cir.1994). In *Auto Owners*, the Sixth Circuit confronted an identical COB conflict between a Michigan insurance carrier and an ERISA-protected plan. *See id.* at 372–73. The Michigan insurance carrier in *Auto Owners*, like Plaintiff here, relied on § 500.3109a. Further, the ERISA plan in *Auto Owners*, like Defendant here, expressly disavowed primary liability for medical expenses arising out of automobile accidents when the insured was also protected by an automobile insurance policy.

The holding of *Auto Owners* is unmistakable and clear: "when a traditional insurance policy and a qualified ERISA plan contain conflicting coordination of benefits clauses, the terms of the ERISA plan, including its COB clause, must be given full effect." *Id.* at 374.

Here, however, Plaintiff argues that *Auto Owners* is inapplicable. Plaintiff bases this argument on a choice-of-law provision in Defendant's plan documents. This provision states: "The coverage is provided pursuant to a contract entered into in the state of Michigan and shall be construed under the jurisdiction and according to the law of the state of Michigan." Def. Mot. Ex. B at ii. Plaintiff contends that this choice-of-law provision constitutes a waiver of ERISA preemption and requires that the COB conflict in this case be resolved under Michigan law rather than under federal law and *Auto Owners*. Plaintiff further maintains that it is secondary in this situation because, under Michigan law, other forms of health coverage are required to pay primary benefits when the insured's no-fault automobile insurance contains a COB clause pursuant to § 500.3109a.

Plaintiff's waiver argument is flawed, however, because "parties may not contract to choose state law as the governing law of an ERISA-governed benefit plan." *Prudential Ins. Co. of Am. v. Doe*, 140 F.3d 785, 791 (8th Cir.1998). In other words,

the choice of law provision in the contract does not alter the outcome here, for parties may not contract to choose state law as the governing law of an ERISA-governed benefit plan. Although choice of law provisions may be relevant in a diversity action, we are required to apply federal common law when deciding federal questions. *See Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348, 1352–53 (8th Cir.1987); *see also Erie v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In light of the broad preemptive scope of ERISA, *see Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138–39, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Brewer [v. Lincoln Nat'l Life Ins. Co.,*

921 F.2d 150, 153 (8th Cir.1990) ], the question of coverage for [the insured's] treatment is clearly one of federal law. *Prudential,* 140 F.3d at 791. *See also Morton v. Smith,* 91 F.3d 867, 871 (7th Cir.1996) (dicta: choice-of-law provision does not limit trustees of an ERISA plan to the confines of state law); *In re Sears Retiree Group Life Ins. Litig.,* 90 F.Supp.2d 940, 951 (N.D.Ill.2000) ("Even if Sears intended to adopt Illinois law for purposes of interpreting the Plan documents, which is not at all certain, ERISA preemption would negate such an attempt. A choice of law provision does not operate to waive the applicability of federal law regarding interpretation of an ERISA plan.").

■ The Eighth Circuit's holding in *Prudential Insurance Company of America v. Doe,* 140 F.3d at 791, makes good sense: a choice-of-law provision cannot be used to contract around or out of federal law. The broad preemptive effect of ERISA requires such a result. *See Auto Owners* 31 F.3d at 375. Moreover, the Eighth Circuit's holding in *Prudential* is consistent with rationale behind the Sixth Circuit's holding in *Auto Owners.* In *Auto Owners,* the Sixth Circuit explained:

> The underlying purpose of ERISA is to protect "the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b); *see also Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 113, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). In our view, this directive means that *Congress sought to guard qualified benefit plans from claims, such as that advanced by Auto Owners, which have been **expressly disavowed** by the plans.... [W]e conclude that the terms of the [ERISA] plan, including its coor-*

*dination of benefits clause, must be given full effect in order to comply with a **primary goal** of ERISA, which is to safeguard the financial integrity of qualified plans by shielding them from **unanticipated claims**.*

*Auto Owners,* 31 F.3d at 375 (emphasis added).

Defendant's COB provision demonstrates that it expressly disavowed primary liability in this situation and that it did not anticipate being held primarily liable for the medical expenses at issue in this action. *See id.* This conclusion is not undermined by Defendant's choice-of-law provision. *Auto Owners* requires that the ERISA plan in this action be protected from such an expressly disavowed and unanticipated claim. *See id.* Thus, Plaintiff's argument against the application of the Sixth Circuit's COB rule from *Auto Owners* in this case lacks merit, and, as a result, Defendant is entitled to summary judgment.

Other circuit opinions cited by Plaintiff do not alter this result. Plaintiff reads these other opinions too broadly. Plaintiff's theory is as follows: since other courts of appeals have held that ERISA preemption is waivable in certain circumstances, it should be waivable in the case at bar. The Court disagrees. Because the situations in which ERISA preemption has been deemed waivable are so markedly different from the situation here, it is inappropriate to extend the holdings from these other circuit opinions to this case—especially in light of the mandate to protect ERISA plans from expressly disavowed and unanticipated claims. *See id.*

Plaintiff cites to five circuit opinions which have held that an ERISA plan waives ERISA preemption as an affirmative defense when the plan fails to raise the defense in a timely fashion, for instance, when the plan fails to include the

defense in the responsive pleading to the complaint, as required by Rule 8(c) of the Federal Rules of Civil Procedure. *See Saks v. Franklin Covey Co.,* 316 F.3d 337, 349–50 (2d Cir.2003); *Wolf v. Reliance Standard Life Ins. Co.,* 71 F.3d 444, 448–49 (1st Cir.1995); *Rehab. Inst. of Pittsburgh v. Equitable Life Assurance Soc'y of United States,* 131 F.R.D. 99, 101 (W.D.Pa. 1990), *aff'd without opinion,* 937 F.2d 598 (3d Cir.1991); *Dueringer v. Gen. Am. Life Ins. Co.,* 842 F.2d 127, 129–30 (5th Cir. 1988); *Gilchrist v. Jim Slemons Imports, Inc.,* 803 F.2d 1488, 1497 (9th Cir.1986).

These procedural-waiver cases, however, are not on point. Plaintiff does not assert that Defendant procedurally waived ERISA preemption by failing to raise it as an affirmative defense. Instead, Plaintiff contends that Defendant, due to the choice-of-law provision, contractually foreclosed itself from that defense. These procedural-waiver cases did not address the permissibility of contractual waiver, but the Eighth Circuit did. As a result, the Eighth Circuit's opinion in *Prudential* is far more persuasive in this situation. Again, the Eighth Circuit held that "parties may not contract to choose state law as the governing law of an ERISA-governed benefit plan." *Prudential,* 140 F.3d at 791. As discussed *supra,* the Eighth Circuit's opinion is consistent with ERISA's broad preemptive effect and the rationale behind the Sixth Circuit's holding in *Auto Owners:* ERISA plans must be protected from expressly disavowed and unanticipated claims, such as the claim at issue in this action. *See Auto Owners,* 31 F.3d at 375.

Furthermore, it cannot be said that the plans in these five procedural-waiver cases confronted unanticipated claims when they procedurally waived ERISA preemption: the claims were in the complaint and known to the plans when they neglected to properly raise ERISA preemption as an affirmative defense. The preemptive policy behind ERISA, as defined *supra* in *Auto Owners,* does not require that ERISA plans be protected from such anticipated, or known, claims. *See Auto Owners,* 31 F.3d at 375. In other words, ERISA preemption is not a free pass to disregard Rule 8(c) of the Federal Rules of Civil Procedure. Thus, these five circuit opinions correctly held that such procedural waiver of ERISA preemption is permissible. However, it does not automatically follow, as Plaintiff contends, that contractual waiver of ERISA preemption is also permissible in a situation, such as the one in this case, in which an ERISA-protected plan confronts an unanticipated primary liability claim that it expressly disavowed in a COB provision. Therefore, the five procedural-waiver cases do not require a different outcome in this action.

Plaintiff further argues that an Eleventh Circuit case, *Buce v. Allianz Life Insurance Company,* 247 F.3d 1133 (11th Cir. 2001), requires that Michigan law, rather than federal law, governs the COB conflict in this case. Unlike the five aforementioned procedural-waiver cases, the *Buce* case does address contractual waiver of ERISA preemption; however, Plaintiff's reliance on *Buce* is misplaced.

In *Buce,* the Eleventh Circuit held that when an ERISA plan contains a choice-of-law provision opting for a certain state's law, the law of that state is controlling in a benefits dispute involving that ERISA plan *unless* the state law is *"inconsistent with language of ERISA or the policies that inform that statute and animate the common law of the statute."* *Buce,* 247 F.3d at 1148 (emphasis added). In *Buce,* the ERISA plan contained a choice-of-law provision for Georgia law. *See id.* at 1136. The ERISA plan in *Buce* attempted to employ a Georgia doctrine, called the acci-

dental means doctrine, to avoid liability. *See id.* at 1141–42. The district court in *Buce* did not follow Georgia law and entered judgment in favor of the claimant. *See id.* The Eleventh Circuit reversed and ordered the district court to enter judgment in favor of the ERISA plan. *See id.* at 1149. The Eleventh Circuit concluded that Georgia's accidental means doctrine was not "subversive of ERISA policy." *Id.* at 1148.

Importantly, the Eleventh Circuit took care to distinguish the Eighth Circuit's opinion in *Prudential* as well as two other similar cases. *See id.* at 1148–49 n. 6 (distinguishing *Prudential,* 140 F.3d 785; *Morton,* 91 F.3d 867; *Sears,* 90 F.Supp.2d 940). The Eleventh Circuit stated that in these cases, unlike the situation before the Eleventh Circuit, the pertinent provision of state law was incompatible with the law of ERISA. *See Buce,* 247 F.3d at 1148–49 n. 6. Such is the case here. In this case, similar to *Prudential* and unlike *Buce,* the Court cannot hold Defendant primarily liable under Michigan law because to do so would contravene the law of ERISA, which, according to the Sixth Circuit in *Auto Owners,* is designed "to guard ERISA plans from claims which have been expressly disavowed," such as the claim expressly disavowed by Defendant in its COB provision. *Auto Owners,* 31 F.3d at 375. Again, "a primary goal of ERISA . . . is to safeguard the financial integrity of qualified plans by shielding them from unanticipated claims" such as the claim for primary liability in this case. *Id.* Therefore, contrary to Plaintiff's argument, *Buce* does not require that Defendant be held primarily liable under Michigan law because *Buce* holds that state law only applies in ERISA cases when, unlike the situation here, the state law does not subvert the law of ERISA. *See Buce,* 247 F.3d at 1148–49; *Auto Owners,* 31 F.3d at 375. Thus, the Court will uphold ERISA's

mandate to protect Defendant from expressly disavowed and unanticipated claims and grant summary judgment for Defendant.

## III. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment [docket entry 13] is **DENIED** and that Defendant's motion for summary judgment [docket entry 11] is **GRANTED.**

**SO ORDERED.**

### *JUDGMENT*

This civil action having come before this Court, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a ruling having been duly rendered, **IT IS ORDERED AND ADJUDGED** that Plaintiff **TAKE NOTHING** from Defendant and that this civil action against Defendant be **DISMISSED** on the merits.