NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0412n.06

Case No. 15-2323

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) | |
| Defendant-Appellee. | ) ) | |
| | ) | OPINION |

Before: COOK and KETHLEDGE, Circuit Judges; SARGUS, Chief District Judge.[*]

SARGUS, Chief District Judge. When Timothy Van Camp ("Van Camp") suffered injuries in a motor vehicle accident, he was insured by both Appellant Farm Bureau General Insurance Company of Michigan ("Farm Bureau"), a no-fault auto insurer, and an ERISA[1] plan administered by Appellee Blue Cross Blue Shield of Michigan ("BCBSM"). BCBSM contends that its Plan does not cover the medical services received by Van Camp because those services were not medically necessary. Although Farm Bureau had not yet paid for Van Camp's medical bills, Farm Bureau brought an action under federal common law and, in the alternative, under ERISA § 502(a). Farm Bureau sought a declaration of coverage and reimbursement or recoupment from BCBSM for the cost of Van Camp's medical care. The district court dismissed

---

[*] The Honorable Edmund A. Sargus, Jr., Chief United States District Judge for the Southern District of Ohio, sitting by designation.

[1] Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.

Farm Bureau's claims. Because Farm Bureau has no standing to bring a claim under federal common law or ERISA § 502(a), we affirm.

**I.**

On October 30, 2012, Van Camp suffered catastrophic brain and other injuries in a motor vehicle accident. (R. 61 at PageID 872, 874.) Van Camp was covered by two relevant insurance policies at the time: Farm Bureau's no-fault automobile insurance and BCBSM's ERISA Plan. (*Id.* at PageID 872.) After sustaining his injuries, Van Camp sought treatment from Special Tree Rehabilitation System ("Special Tree"). (*Id.* at PageID 874.) He received skilled nursing care, rehabilitation services, treatment, and other care from Special Tree. (*Id.*)

BCBSM has conceded that its Plan is first in priority to pay for covered services received by Van Camp. (R. 57 at PageID 488.) However, when Special Tree attempted to pre-certify Van Camp's admission into its facility, BCBSM denied the request because the treatment allegedly failed to satisfy the Plan's medical necessity criteria. (*Id.* at PageID 501–02.) The administrative remedies available under the BCBSM Plan include an initial appeal and an external review. (*Id.* at PageID 737–44.) On February 14, 2014, BCBSM denied Van Camp's initial appeal of the Special Tree determination. (*Id.* at PageID 508.) Neither Van Camp nor Farm Bureau pursued any further administrative appeals. After BCBSM denied Van Camp's claim, Special Tree submitted its bills to Farm Bureau. (R. 28 at PageID 85.) Farm Bureau eventually paid Special Tree for Van Camp's medical bills—but not until after Farm Bureau had already sued BCBSM for reimbursement. (R. 63 at PageID 891.)

Farm Bureau originally sued BCBSM in Michigan's Ingham County Circuit Court. (R. 1 at PageID 1.) Farm Bureau's claims related to an ERISA employee benefit plan, so on January 17, 2014, BCBSM removed the action to the United States District Court for the Western District

of Michigan. (*Id.* at PageID 2.) Farm Bureau filed an amended complaint on July 14, 2014. In its amended complaint, Farm Bureau requested (1) a declaratory judgment stating that BCBSM is first in priority to reimburse Van Camp's medical claims, (2) recoupment from BCBSM under federal common law for the payments that Farm Bureau made toward Van Camp's medical claims, and (3) as an alternative to its first two claims, equitable subrogation to the remedies available to Van Camp as a Plan participant or beneficiary under ERISA §§ 502(a)(1)(B) and 502(a)(3) (codified at 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3)).[2] (R. 28 at PageID 82–88.)

BCBSM moved to dismiss Farm Bureau's amended complaint. In its motion, BCBSM argued that the dispute between the parties was an ERISA denial-of-benefits action under § 502(a)(1)(B), not a priority dispute governed by federal common law or an action for equitable subrogation under § 502(a)(3). (R. 57 at PageID 488.) And, according to BCBSM, Farm Bureau lacked standing to bring an ERISA denial-of-benefits action because Farm Bureau had not paid Van Camp's claims and, thus, was not a subrogee. (*Id.*) But even if Farm Bureau were a subrogee, Farm Bureau had failed to exhaust its administrative remedies prior to filing suit. (*Id.* at PageID 489.)

In its August 13, 2015 opinion, the district court determined that Farm Bureau could not bring a claim under federal common law for declaratory relief and recoupment:

---

[2] ERISA §§ 502(a)(1)(B) and 502(a)(3) provide that
[a] civil action may be brought—
    (1) by a participant or beneficiary—
      . . .
      (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
    . . .
      (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]
29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3).

> The problem with Farm Bureau's position is that there is no "priority" dispute in this case. BCBSM *concedes* that its plan is first in priority for payment of services to Van Camp. Thus, because this Court is not called upon to resolve a "priority dispute" between insurers, the federal common law for resolving such disputes is inapplicable, and Farm Bureau's reliance on such cases as governing authority is misplaced.

(R. 61 at PageID 877.) Farm Bureau's attempt to bring a federal-common-law claim also failed because, as far as the district court knew, Farm Bureau had not paid for any of Van Camp's medical bills out of priority and, consequently, Farm Bureau had nothing to recoup from BCBSM. (*Id.* at PageID 878.) Moving then to an analysis under ERISA § 502(a)(1)(B), the district court determined that Farm Bureau could have pursued a denial-of-benefits action if Farm Bureau had paid for Van Camp's medical bills. (*Id.* at PageID 880.) But even in that situation, Farm Bureau's denial-of-benefits claim would fail because, as the district court pointed out, Farm Bureau had not exhausted its administrative remedies. (*Id.*) Farm Bureau asserted that exhaustion would have been futile. (*See id.* at PageID 881–82.) The district court rejected that assertion, though. (*Id.* at PageID 882.)

Unbeknownst to the district court, Farm Bureau had paid Special Tree for Van Camp's medical bills while the motion to dismiss was pending. To apprise the district court of the payment, Farm Bureau moved for reconsideration. (R. 63 at PageID 891.) The district court denied that motion. The court reiterated that the case did not involve a coordination-of-benefits dispute and that Farm Bureau's claims were thus properly analyzed under ERISA § 502(a). (R. 65 at PageID 973.) When bringing a denial-of-benefits claim under ERISA, a party must first exhaust its administrative remedies. (*See id.*) The payment, as the court noted, did not cure Farm Bureau's failure to meet the exhaustion requirement. (*See id.*)

Farm Bureau now timely appeals from the district court's decisions on the motion to dismiss and the motion for reconsideration. (R. 70 at PageID 990; *see* R. 68 at PageID 988.) Farm Bureau raises two issues on appeal:

1. Whether the district court erred in holding that Farm Bureau cannot bring claims for declaratory relief and recoupment under federal common law in the absence of a coordination-of-benefits dispute; and

2. Whether the district court erred in applying an administrative-exhaustion requirement to Farm Bureau's claims given (i) that Farm Bureau purported to bring a claim for recoupment under federal common law and (ii) that exhaustion was, in Farm Bureau's view, futile.

We hold that the district court did not err on either issue.

## II.

### A.     Dismissal of Farm Bureau's Federal-Common-Law Claims

We first consider the district court's dismissal of Farm Bureau's federal-common-law claims. This Court reviews de novo the grant of a motion to dismiss. *Federal-Mogul U.S. Asbestos Pers. Injury Trust v. Cont'l Cas. Co.*, 666 F.3d 384, 387 (6th Cir. 2011). In determining whether a party has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party and accepts all factual allegations as true. *Id.* To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] An abuse of discretion standard applies to the

---

[3] The district court dismissed Farm Bureau's claim under Rule 12(b)(6). Farm Bureau suggests, however, that the lower court should have considered BCBSM's motion to dismiss under a summary judgment standard because "the parties' arguments and the [district court's] rulings [relied] on factual matters outside the complaint," such as BCBSM's denial letters and Plan documents. (Appellant Br. at 12

district court's denial of Farm Bureau's motion for reconsideration. *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009).

The district court dismissed Farm Bureau's federal-common-law claims for recoupment and declaratory judgment. From Farm Bureau's perspective, the issue here is whether it can bring a federal-common-law claim in the absence of a coordination-of-benefits dispute. The Court need not reach that issue though. Farm Bureau's federal-common-law claim fails for a more fundamental reason: Farm Bureau lacked standing to bring its claims.

In drafting ERISA § 502(a), Congress carefully circumscribed the types of plaintiffs that could bring an action under that section. *See* 29 U.S.C. § 1132(a); *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 247 (2000) ("And § 502(a) itself demonstrates Congress' care in delineating the universe of *plaintiffs* who may bring certain civil actions."). A "participant" or "beneficiary" of an ERISA plan may bring a claim under § 502(a)(1)(B). And a "participant," "beneficiary," or "fiduciary" of an ERISA plan may bring a claim under § 502(a)(3). This Court has expanded the classes of potential plaintiffs to include assignees, and possibly subrogees, of participants and beneficiaries. *See Prudential Prop. & Cas. Ins. v. Delfield Co. Grp. Health Plan*, 187 F.3d 637 (Table), 1999 WL 617992, at *3 (6th Cir. 1999);

---

& n.5.) This Court applies a de novo standard of review to district court grants of summary judgment. *See Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994).

Farm Bureau's suggestion is incorrect. Farm Bureau does not contend that the district court *erred* in applying a Rule 12(b)(6) standard rather than a summary judgment standard to BCBSM's motion to dismiss. (*See id.*) Nor does Farm Bureau identify how the application of a summary judgment standard rather than a motion to dismiss standard would lead to a different result in this case. And although a court typically cannot consider "matters outside of the pleadings" when deciding a motion to dismiss, there are several exceptions to this general rule. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). As relevant here, a court deciding a motion to dismiss can consider documents not attached to a plaintiff's complaint when those documents are referenced in the complaint and central to the plaintiff's claim. *Id.* There is no indication that the district court's decision on BCBSM's motion to dismiss relied on any documents aside from those that were referenced in the complaint and central to Farm Bureau's claims. (*See generally* R. 61; *see also* R. 28 at PageID 83–84 (In its amended complaint, Farm Bureau alleges that Van Camp was "covered under a primary policy for health insurance by Defendant [BCBSM]" and that BCBSM "issued denials pursuant to its policy for the claims incurred by [Van Camp] at Special Tree.").)

*Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 90 & n.4 (6th Cir. 1997). But beyond these narrow expansions, no other plaintiff may bring an action under §§ 502(a)(1)(B) or 502(a)(3). *See Harris Trust*, 530 U.S. at 246–48 (contrasting § 502(a)'s lack of textual instructions for possible defendants with its detailed lists of possible plaintiffs and implying that Congress therefore intended to create an exclusive list of plaintiffs); *Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 121 (2d Cir. 2002) ("Courts have consistently read § 1132(a)(3) as strictly limiting 'the universe of plaintiffs who may bring certain civil actions.' Absent a valid assignment of a claim, at least, non-enumerated parties lack statutory standing to bring suit under § 1132(a)(3) even if they have a direct stake in the outcome of the litigation.") (citations omitted) (quoting *Harris Trust*, 530 U.S. at 247).

Farm Bureau admits that it is not a participant in Van Camp's ERISA Plan. (Appellant Br. at 13.) Farm Bureau further admits that it is not Van Camp's assignee. (*Id.*) According to Farm Bureau, because it does not fall into one of the plaintiff categories outlined in ERISA § 502(a), it "had no standing to assert a § 502(a)(1)(B) claim" to dispute BCBSM's denial of Van Camp's benefits. (*Id.* at 18.) Without the ability to bring a claim under § 502(a)(1)(B), Farm Bureau is, it argues, trapped in an ERISA interstice. To fill this purported interstice and provide Farm Bureau with a means for addressing BCBSM's denial-of-benefits, the Court should, Farm Bureau contends, craft a remedy under federal common law that would allow Farm Bureau to recoup the cost of Van Camp's medical care. (*See id.* at 22–23.)

Farm Bureau's argument suffers from a fatal flaw: There is no interstice here.

"Congress intended for the judiciary to develop and apply a federal common law to actions premised on the contractual obligations created by ERISA plans." *Weiner*, 108 F.3d at 92. This Court, however, only develops federal common law under ERISA "in those instances in

which ERISA is silent or ambiguous." *Id.* ("Here, creation of a federal common law of unjust enrichment for plan beneficiaries seeking to recover benefits under a plan would be inconsistent with ERISA's terms and policies. Plaintiff essentially seeks the same relief in Count III as he seeks in Counts I and II, namely the benefits to which he believes he is entitled under the plans. ERISA provides him with a cause of action in § 1132(a)(1)(B)."); *see also Cent. States, Se & Sw. Areas Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 257 (6th Cir. 1997) ("To date, this circuit has been vigilant in confining the federal common law to its symbiotic existence, recognizing that it can neither provide an independent source of rights with regard to employee benefit plans nor substitute for the remedies authorized by the ERISA statute."). Indeed, "[t]he United States Supreme Court has made clear that 'federal common law' is an 'unusual exercise of lawmaking' which should be indulged only 'in a few restricted instances.'" *Mahoning Nat'l Bank*, 112 F.3d at 256 (quotation marks omitted) (quoting *Milwaukee v. Illinois*, 451 U.S. 304, 313 (1981)). And with respect to ERISA in particular, the Supreme Court has instructed that the statute's "'comprehensive and reticulated' scheme warrants a cautious approach to inferring remedies not expressly authorized by the text." *Harris Trust*, 530 U.S. at 247 (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)).

The fact that Farm Bureau, a non-participant, non-beneficiary, and non-assignee, has no standing to assert a claim under ERISA § 502(a)(1)(B), is not evidence of an interstice. It is evidence of Congress' intention to prohibit all but a narrow range of potential plaintiffs from bringing suit under § 502(a). What Farm Bureau sees as an interstice is, in reality, a deliberate limitation. The Court utilizes federal common law to fill inadvertent gaps, not to open avenues for relief that Congress intentionally closed. The Court declines to circumvent the clear wording of § 502(a). Farm Bureau cannot bring a claim under federal common law to recoup the amount

denied by the Plan when the ERISA provision that specifically provides for the recovery of denied benefits—§ 502(a)(1)(B)—would prohibit Farm Bureau's claim.

Farm Bureau analogizes itself to the plaintiffs in two of our cases—*Prudential Property and Casualty Insurance v. Delfield Company Group Health Plan* and *Auto Owners Insurance Company v. Thorn Apple Valley, Inc.*—who were permitted to bring federal-common-law claims purportedly because they failed to fall within any of the plaintiff categories elucidated in ERISA § 502(a). *See Delfield*, 187 F.3d 637 (Table), 1999 WL 617992, at *3 ("The plaintiff doctor in *Weiner*, as a true assignee, stepped into the shoes of the participants and attempted to assert their rights for the recovery of benefits under § 502(a)(1)(B). Conversely, Prudential is not stepping into the shoes of Ms. Schafer in the classic sense of an assignee or subrogee."); *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F.3d 371, 374 (6th Cir. 1994) (ERISA § 502(a)(1)(B) "empowers a select group of persons—participants or beneficiaries—to bring civil actions. Auto Owners falls into neither of these categories and the company concedes that ERISA contains no provision specifically according it the right to bring a cause of action.").

Farm Bureau misapprehends the holdings of these cases. A plaintiff's ability to bring a federal-common-law claim does not hinge on that plaintiff failing to qualify as an assignee, participant, or beneficiary. A plaintiff's ability to bring a federal-common-law claim hinges on whether an ERISA provision already provides for the same relief that the plaintiff seeks. *See Weiner*, 108 F.3d at 92.

We permitted the plaintiffs in *Thorn Apple Valley* and *Delfield* to bring claims under federal common law because their claims required the court to interpret conflicting coordination-of-benefit clauses. *See Delfield*, 187 F.3d 637 (Table), 1999 WL 617992, at *3; *Thorn Apple Valley*, 31 F.3d at 374. This Court relies on federal common law when addressing coordination-

of-benefits disputes because neither ERISA nor any other federal statute "addresses the resolution of [a] conflict between [coordination-of-benefits] clauses." *Thorn Apple Valley*, 31 F.3d at 374.

Here, by contrast, there is no coordination-of-benefits dispute. (Appellant Br. at vi.) And more fundamentally, there is no interstice in ERISA's coverage. An ERISA provision— § 502(a)(1)(B)—already addresses disputes over denial of benefits, *see Weiner*, 108 F.3d at 92, and Farm Bureau has no standing to bring a claim under that section because it is not a participant, beneficiary, or assignee, *see* 29 U.S.C. § 1132(a)(1)(B).

In its motion for reconsideration, Farm Bureau informed the district court that it had paid Van Camp's medical bills. (R. 63 at PageID 891.) Farm Bureau implies that it became an equitable subrogee to Van Camp after it paid his bills. (Appellant Br. at 4–5, 13–14 & n.6.) As an equitable subrogee, Farm Bureau suggests that it has standing to bring claims under federal common law and ERISA §§ 502(a)(1)(B) and 502(a)(3). (*See id.*; *see also* R. 63 at PageID 891.)

Farm Bureau's argument is unavailing. Neither Congress nor this Court has expanded the class of permissible plaintiffs under § 502(a) to include *equitable* subrogees. Just as Farm Bureau cannot circumvent § 502(a)'s limitations through federal common law, Farm Bureau also cannot avoid those limitations by inserting an additional class of plaintiffs into that section. The district court did not abuse its discretion in denying reconsideration.

**B.    Application of an Administrative-Exhaustion Requirement**

Farm Bureau next argues that the district court erred in applying an administrative-exhaustion requirement to Farm Bureau's claims. "While ERISA itself does not contain an administrative exhaustion requirement, this [C]ourt has explained that '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to

10

commencing suit in federal court.'" *Smith v. Local No. 25 Iron Workers' Pension Plan*, 99 F. App'x 695, 697 (6th Cir. 2004) (quoting *Weiner*, 108 F.3d at 90). We review the district court's decision to apply an exhaustion requirement for abuse of discretion. *See Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994).

Plaintiffs who sue under federal common law do not need to satisfy the administrative-exhaustion requirement that normally accompanies ERISA claims, Farm Bureau posits. (*See* Appellant Br. at 23–24.) And assuming that it could bring a claim as an equitable subrogee under ERISA § 502(a), Farm Bureau argues that its claim under that section is not barred by the exhaustion requirement either because attempting to exhaust its administrative remedies would have been futile. (*Id.* at 24–30.)

In deciding BCBSM's motion to dismiss, the district court did not actually apply an administrative-exhaustion requirement. The court determined that Farm Bureau could not bring a claim under federal common law. (*See* R. 61 at PageID 877–79.) As such, the court had no reason to analyze whether the exhaustion requirement applies to Farm Bureau's federal-common-law claim. The court assumed that *if* Farm Bureau had paid for Van Camp's medical bills, Farm Bureau could then bring a claim under § 502(a). (*Id.* at PageID 880.) That potential ERISA claim would be subject to an administrative-exhaustion requirement. (*Id.*) But Farm Bureau could not satisfy the hypothetical exhaustion requirement, the district court determined. (*Id.* at PageID 880–82.) In its order on BCBSM's motion for reconsideration, the district court reiterated that even if Farm Bureau could bring a claim under § 502(a) after paying Van Camp's medical bills, Farm Bureau still could not satisfy that claim's administrative-exhaustion requirement. (R. 65 at PageID 973.)

As explained above, Farm Bureau lacks standing to bring a claim under federal common law or ERISA § 502(a). As such, the district court did not abuse its discretion in determining that Farm Bureau, if it could bring a claim, could not satisfy that claim's administrative-exhaustion requirement.

Neither of the issues raised by Farm Bureau on appeal is well taken; accordingly, we affirm.