**Daniel SMITH, Plaintiff–Appellant,**

v.

**LOCAL NO. 25 IRON WORKERS' PEN-SION PLAN; Local No. 25 Trustees of the Iron Workers' Pension Trust Agreement; Mary Chamblin; James Horvath, Defendants–Appellees.**

No. 03–1284.

United States Court of Appeals, Sixth Circuit.

May 26, 2004.

Elizabeth M. Madigan, Madigan Law Firm, East Lansing, MI, for Plaintiff–Appellant.

Michael Joseph Asher, Ronald S. Lederman, David J. Selwocki, Steven P. Lynch, Sullivan, Ward, Asher & Patton, Southfield, MI, for DefendantsAppellees.

Before SUHRHEINRICH, GIBBONS and SUTTON, Circuit Judges.

GIBBONS, Circuit Judge.

Plaintiff-appellant Daniel Smith applied for early retirement benefits offered by his pension plan (the "Plan"). After Smith's claim for benefits was denied, he filed suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in federal district court against the Plan, its Board of Trustees (the "Board"), and certain Plan personnel. The district court dismissed Smith's claim for failure to exhaust administrative remedies.

On appeal, Smith challenges the district court's conclusion that he failed to exhaust all available administrative remedies. In the alternative, Smith argues that it would have been futile for him to pursue those remedies. For the reasons set forth below, we affirm the decision of the district court dismissing Smith's claim without prejudice. We also note that, pursuant to the representation of defendants, Smith has sixty days from the filing date of this opinion to exhaust his administrative remedies.

### I.

Smith is an iron worker who participated in a pension plan offered by his union, Local Union No. 25 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers. Smith applied for unreduced early retirement benefits available to employees credited with thirty years of employment. In a letter dated May 18, 2000, he was informed by Mary Chamblin, a Plan examiner, that he had been credited with only twenty-six years of employment and was therefore not eligible for retirement under the "30 years and out" system. On August 7, 2000, Smith wrote a letter to the Plan's Board presenting his statement of reasons as to why his claim for early retirement benefits should be granted. In a letter dated October 2, 2000, James Horvath, the Plan's administrative manager, informed Smith that the Board had denied his benefit request at its September 21, 2000, meeting because Smith was not credited with sufficient employment.

Smith then filed suit in the United States District Court for the Western District of Michigan against the Plan, its Board, Chamblin, and Horvath, seeking *inter alia* that the Plan be required to pay him early retirement benefits. In a pretrial response brief filed by defendants concerning what standard the district court should use in reviewing the administrative record and the proper analysis of the evidentiary materials contained in the administrative record, the defendants provided the first mention of Smith's failure to exhaust administrative remedies:

> Smith also claims that he did not get a full hearing in front of the Trustees.... It was Smith who decided to file this action instead of seeking a hearing in

front of the Trustees.... Quite frankly, because Smith did not exhaust his Administrative remedies, we should not be in this forum.

Smith later filed a motion for judgment on the administrative record. The district court denied the motion and dismissed Smith's complaint without prejudice for failure to exhaust administrative remedies since Smith did not request a hearing, as provided by his Plan, before filing suit. The court also considered—and rejected—Smith's claim that exhaustion would have been futile. Smith filed a timely notice of appeal of the district court's order.

## II.

■ While ERISA itself does not contain an administrative exhaustion requirement, this court has explained that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Weiner v. Klais & Co.,* 108 F.3d 86, 90 (6th Cir.1997) (quoting *Miller v. Metro. Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir.1991)). Smith argues that the district court erred in finding that he had not exhausted his administrative remedies.[1] This court reviews a district court's decision to apply the administrative exhaustion requirement in an ERISA ac-

tion for abuse of discretion. *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 418 (6th Cir.1998).

Sections 7.6 and 7.7 of the Iron Workers' Local No. 25 Pension Plan provide the claims procedure for Plan participants such as Smith. Section 7.6 stipulates that a participant may file a claim for benefits in writing with the Board. The participant will then receive notice of the Board's decision, accompanied by an explanation if the claim is denied, within ninety days. Section 7.7 further provides:

Any Participant ... who has been denied a benefit by a decision of the Trustees shall be entitled to request the Trustees to give further consideration to his claim by filing with the Trustees (on a form which may be obtained from the Trustees) a request for a hearing. Such request, together with a written statement of the reasons why the claimant believes his claim should be allowed, shall be filed with the Trustees no later than sixty (60) days after receipt of the written notification that the claim was denied. The Trustees shall then conduct a hearing within the next sixty (60) days, at which the claimant may be represented by an attorney or any other representative of his choosing and at

---

1. Smith also asserts that the district court's order dismissing his complaint for failure to exhaust administrative remedies denied him notice and an opportunity to challenge the court's decision. He further contends that, by raising the exhaustion issue in a brief comment in their pretrial response brief related to review of the administrative record, defendants effectively waived the right to argue that Smith had failed to exhaust administrative remedies as a defense. Smith's contentions are ultimately unavailing because this court can affirm a district court's dismissal of a plaintiff's ERISA case for failure to exhaust administrative remedies—an issue fully briefed by both sides in this case on appeal—even when a district court decides

such a case on other grounds. *See Weiner,* 108 F.3d at 91 (affirming district court's dismissal of plaintiff's complaint for failure to exhaust administrative remedies even though district court dismissed the complaint because defendant was not a proper party to suit); *see also Sasser v. Mosler, Inc.,* No. 96–3290, 1997 WL 338608, at *3 (6th Cir. June 18, 1997) (affirming grant of summary judgment to defendant in ERISA suit because plaintiff failed to exhaust administrative remedies, even though the district court held for defendant on the merits and did not address the exhaustion issue). Therefore, regardless of the extent to which the parties presented the exhaustion issue to the district court, we may consider this issue on appeal.

which the claimant shall have an opportunity to submit written and oral evidence and arguments in support of his claim.

The district court found that Smith did not exhaust his administrative remedies because he did not request a hearing pursuant to Section 7.7.

■ Smith does not assert on appeal that he ever requested a hearing. Rather, he claims that he inquired whether he was required to attend the meeting at which the Board discussed his case, and he was told that he did not need to attend. Smith also contends that his August 7, 2000, letter to the Board, which argued that he was entitled to early retirement benefits, exhausted the Plan's administrative remedies. We do not find Smith's arguments to be persuasive. Moreover, it is clear that, within sixty days of being notified that his claim was denied, Smith did not comply with the Plan's express requirement of filing a request for a hearing on a form provided by the Board along with a statement of reasons as to why his claim should be allowed.

■ Smith next argues that, if we agree with the district court that he did not exhaust his administrative remedies, such failure should be excused because exhaustion would have been futile. Futility is an exception to ERISA's administrative exhaustion requirement. *Fallick,* 162 F.3d at 419. "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id.* Accordingly, futility means that it is certain that the plaintiff's claim, after proceeding through the provided administrative remedies, would be denied. *Id.; see also Communications Workers of*

*Am. v. Am. Tel. & Tel. Co.,* 40 F.3d 426, 433 (D.C.Cir.1994) ("[T]he denial of initial claims . . . is not enough to show futility of internal Plan remedies.").

In support for his futility claim, Smith cites a letter dated May 15, 2001, and sent to his counsel from Cynthia Billings, an attorney for the pension fund. The letter states:

Please find enclosed a copy of the Iron Workers' Local No. 25 Trust Agreement. As far as the application for benefits, a copy of the application was recently forwarded to Mr. Smith pursuant to his request to the Fund office. Please be advised, however, that his application will be rejected if he submits same prior to obtaining eligibility for benefits.

This letter was sent in response to a request for a copy of the Trust Agreement and for "the forms necessary for Mr. Smith to apply for his retirement pension under the '30 years of service/any age' special retirement provisions of the contract." As the district court correctly surmised, the Billings letter is merely an indication of what would happen if Smith repeated the first step of the process for applying for retirement benefits—filing a written claim for benefits. The letter does not indicate what result would have been reached following a hearing before the Board.

Smith also points to a July 5, 2001, letter to his attorney, again from Cynthia Billings, that states, "[Smith's] appeal to the Board of Trustees was denied only after a thorough and careful review." As with the May 15, 2001, correspondence, this letter does not indicate that it is certain that, *after a hearing,* the Board would have denied his claim for benefits. Accordingly,

we conclude that the district court did not abuse its discretion in applying the administrative exhaustion requirement to Smith's ERISA claim.[2]

## III.

For the foregoing reasons, we affirm the decision of the district court dismissing Smith's ERISA claim without prejudice to a refiling of the claim after the exhaustion of administrative remedies. The attorney for the defendants represented to this court that defendants will not assert that Smith has failed to exhaust his administrative remedies in a timely manner—by pursuing a Board hearing within sixty days of the Trustees' decision—so long as he requests such a hearing within sixty days of the filing of this opinion. Therefore, in accordance with defendants' representation, no later than sixty days from the filing date of this opinion, Smith may request a hearing from the Board—as provided by Section 7.7 of the Plan—in order to exhaust his administrative remedies.

---

**2.** At oral argument, Smith's counsel asserted that the Plan's explanation for denying Smith's claim for benefits was insufficient under ERISA, an argument that did not appear in his briefs. We requested that Smith's attorney provide additional information with regard to this argument. Smith's counsel later furnished such information in writing, al- beit beyond the time limitation imposed by the panel. Because we conclude that Smith may seek a hearing from the Plan's Board within sixty days of the filing date of this opinion, we decline to consider the impact of the Plan's explanation to Smith of the administrative exhaustion requirement.